STOKER, Judge.
Defendant, Peggy Sarver (Sarver), appeals from a trial court judgment ordering a partition by licitation of property owned in indivisión by defendant and plaintiff, Lester Foreman (Foreman).[1] We affirm.
*652 The property which is the subject of this suit was acquired by Sarver in full ownership from Teddy W. Bertrand, a former husband. Prior to her marriage to Foreman, Sarver conveyed a one-half undivided interest in the property to him for $2,000. During the course of extensive divorce litigation, Sarver sought to rescind the sale of this property to Foreman based on lesion beyond moiety. Foreman’s peremptory exception of prescription was maintained and the suit was dismissed. Appeal of the matter was foregone by Sarver and that judgment has become final.
At the hearing on Foreman’s petition for partition by licitation, only counsel for the parties appeared. There was no testimony. Counsel for plaintiff presented his case and entered into evidence, without objection, (1) the petition in this matter, (2) an act of sale to Teddy Bertrand who was Sarver’s husband at the time of that sale, (3) an act of sale to Foreman from Sarver, and (4) the record of suit number 44,515 from Acadia Parish entitled “Peggy Sarver v. Lester Foreman” which included Sarver’s unsuccessful suit for rescission of the sale on the basis of lesion beyond moiety. Sarver alleged in a petition on file in this suit that the one-half acre contained a brick home valued at $30,000 in 1974. (Tr. 24 of that record.)
On appeal, defendant Sarver asserts that the evidence presented by plaintiff Foreman at the hearing was insufficient to support the judgment ordering a partition by licitation. After reviewing the evidence, particularly the record from suit number 44,515, we agree with the trial judge that a partition by licitation was proper in this case. The property consisted of approximately one-half an acre with improvements including a brick home. (Tr. 24, suit number 44,515, supra.) From its very nature this property would not be susceptible of a partition in kind.
Defendant s contention that the trial judge erroneously relied on alleged stipulations by counsel is not well founded. No mention is made in the trial court’s oral reasons for judgment of any such stipulations, and this court recognizes that there were none. It appears that, as asserted by plaintiff’s counsel in brief, the reference to “stipulation of counsel” in the written judgment was inadvertently included when he prepared it for signature by the trial judge. This inadvertence was harmless and the trial court’s judgment was valid without any stipulations. Hence, the erroneous reference to stipulations of counsel in the judgment does not warrant a reversal of the trial court’s judgment.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of the appeal are to be assessed to defendant-appellant.
AFFIRMED.

. The property is described as follows:
“The North half (NV2) of that certain one (1) acre tract, more or less, together with all buildings and improvements situated thereon and thereunto appertaining, but without any of the oil, gas and other minerals underlying and forming part thereof, situated in Section Thirty-six (36), Township 10 South, Range 1 East, Acadia Parish, Louisiana, bounded, now or formerly, on the Northwest by Lonnie Sarver *652 and/or Theresa Sarver Deshotels; East by Clyde Hoffpauir, and South by Hagen Sarver; the said one acre tract being triangular in shape. It is the intent and desire of the parties that the property herein conveyed shall be triangular in shape, the east boundary line shall extend from the Northernmost point of the property to a point on the east boundary line of the said one (1) acre tract which, when extended in a westerly direction on a line parallel with the South boundary line to an intersection with the Northwest boundary of said one (1) acre tract, shall enclose one-half (V2) of an acre, more or less.”